UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 4:16-cr-16-TRM-SKL |
| | ) | |
| SHAUN EARL GIBSON | ) | |
| | ) | |

**ORDER**

Before the Court is the unopposed motion motion of the government [Doc. 20] to continue the hearing on the motion to suppress filed by Defendant Shaun Earl Gibson ("Defendant") [Doc. 13], which is currently scheduled to take place on February 2, 2017 [Doc. 19]. This is the third request by the parties for continuance of the evidentiary hearing in this matter [Docs. 16 & 18]. For cause, the government states that a subpoenaed witness they consider essential cannot be present at the evidentiary hearing due to her work schedule. The motion further states that Defendant has no objection to rescheduling the evidentiary hearing for this reason. The parties have included agreed upon dates upon which they represent all parties and necessary witnesses are available.

The Speedy Trial Act ("the Act") requires that a Defendant's trial commence within 70 days of his initial appearance. 18 U.S.C. § 3161(c)(1). That 70-day period, however, may be tolled by several events, including delays caused by a pretrial motion. *Id*. § 3161(h)(1)(D). In addition, a Defendant has a right to speedy trial under the Sixth Amendment. *Barker v. Wingo*, 407 U.S. 514, 515 (1972). The constitutional inquiry requires an ad hoc balancing of the rights of the accused against society's interest in the delay. *Id*. at 530. Courts are guided in this

balancing test by several factors: the reason for and the length of the delay, the Defendant's assertion of his right, and prejudice to the Defendant. *Id*.

The requested delay is relatively short but the time the motion has been pending is long; the reason for the delay is perhaps legitimate but should have been considered before agreeing to the current date, but Defendant has no objection to the continuance. The Court previously stated it did not anticipate continuing the hearing beyond the previously scheduled date but due to the lack of objection and the interests of the parties in having all necessary witnesses present and in accommodating the witness's work schedule, the motion [Doc. 20] is reluctantly **GRANTED.** The evidentiary hearing on the motion to suppress will be continued to **Thursday, February 14, 2017 at 2:00 p.m. [EASTERN]**. Absent extraordinary circumstances, however, no further continuances will be granted.

SO ORDERED.

ENTER:

                                              s/ *Susan K. Lee*
                                              SUSAN K. LEE
                                              UNITED STATES MAGISTRATE JUDGE